IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE GROUP, | ) ) ) |
| PLAINTIFF, | ) CIVIL ACTION NO.: CV2005-153 ) ) |
| MATTHEW B. WALKER, 911 DAUPHIN TRUST, L.L.C. and TIMOTHY RYAN, | ) ) ) |
| DEFENDANTS. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

1.      United States Liability Insurance Group ("USLIG") is a corporation organized under the State of Pennsylvania with its principal place of business in the State of Pennsylvania.

2.      Matthew B. Walker ("Walker") is an individual who, upon information and belief, resides in Mobile County, Alabama, and the president of 911 Dauphin Trust, L.L.C.

3.      911 Dauphin Trust, L.L.C. ("911 Dauphin Trust"), upon information and belief, is a corporation organized and existing under the laws of Alabama and doing business in Mobile County, Alabama.

4.      Timothy Ryan is an individual who, upon information and belief, is over the age of nineteen (19), and resides in Mobile County, Alabama.

## JURISDICTION AND VENUE

5.      This action is filed pursuant to the Federal Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure.

1

6. This is an action brought for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

8. Venue is proper is this district pursuant to 28 U.S.C. §1391(a) and (b) as defendants Walker and Ryan reside in this district, defendant 911 Dauphin Trust is an Alabama corporation, which does business in Mobile County, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. As shown below, there is a justiciable controversy which requires the Court to declare the rights, remedies, obligations and liabilities of these parties with respect to a policy of personal umbrella liability insurance issued by USLIG to Walker.

10. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

## FACTUAL BACKGROUND

11. The controversy before this Court involves a Personal Umbrella Liability Policy, policy number PCL1107430, with a policy period of August 17, 2002 to August 17, 2003, issued by plaintiff USLIG to Walker. A copy of said policy, with amendatory endorsements and the declarations page, is attached to this Complaint as Exhibit A.

12. On or about, December 3, 2003, Ryan filed a lawsuit in the Circuit Court of Mobile County, Alabama, styled <u>Timothy Ryan v. Joe Arrington Contractors, Joseph Arrington</u>, et al, CV-03-4075. The complaint is attached hereto as Exhibit B. On or about June 8, 2004, Ryan filed a First Amended Complaint in the above referenced matter, in which he added Walker and 911 Dauphin Trust, LLC as defendants. Ryan's First Amended Complaint is styled <u>Timothy Ryan v. Joe Arrington Contractors, Joseph</u>

<u>Arrington, Matthew B. Walker, 911 Dauphin Trust, L.L.C.</u>, et al, CV-03-4075, pending in the Circuit Court of Mobile County, Alabama (both complaints are hereinafter referred to as the "Ryan suit").  Ryan's First Amended Complaint is attached hereto as Exhibit C.

13. The Ryan suit does not specify as to which factual allegations and causes of action apply to which defendant.  The factual allegations and causes of action asserted in the Ryan suit only references "defendants."

14. The Ryan suit arises out of an incident that occurred on or about November 2, 2002, while an employee of the defendants, he was directed to cut down trees on a lot with a chain saw.  Ryan alleges that while cutting down a tree, one "kicked back", striking him in the back of the head, causing him to sustain personal injuries and rendering him severely and permanently disabled.

15. Count One of Ryan's First Amended Complaint (entitled Worker's Compensation) alleges that at the time of the incident, Ryan was an employed by defendants to clear a lot on which the defendants were to build a home.  Ryan alleges that, in the line and scope of his employment, the defendants provided him a chain saw, and directed him to cut down trees on the lot,  Ryan claims that while cutting down trees, one tree trunk kicked back, striking him in the back of the head, rendering him severely and permanently disabled.  Ryan claims that under the Workman's Compensation Laws of the State of Alabama, he is entitled to Workman's Compensation Benefits, and that the defendants have failed to pay any benefits to Ryan, including medical and disability benefits.

16. Count Two of Ryan's First Amended Complaint (entitled Employers' Failure to Secure Payment of Compensation) asserts a cause of action for failure to secure

payment of compensation pursuant to Ala. Code §25-5-8(e) (1975). Ryan alleges that at the time of the incident, he was an employee of the defendants, all subject to the Workers' Compensation Law of the State of Alabama, and that prior to the incident, the defendants failed to secure proper compensation for him, failing to list him as an employee on the defendants' workers compensation policy. Ryan alleges that under the aforementioned statute, the defendants failure to secure workers' compensation insurance makes the defendants liable for two time the amount recoverable under the Workers' Compensation Act. and subjects the defendants to liability for a misdemeanor offense.

17. Count Three of Ryan's First Amended Complaint (entitled Employers Liability Act and Failure to Provide a Safe Place to Work) asserts causes of action under Ala. Code §25-6-1 (1975) and Ala. Code §25-1-1(a) (1975). In Count Three, Ryan alleges at the time of the incident, he was an employee of the defendants, and that the defendants were negligent and/or wanton in one or more of the following respects:

    a. Negligently and wantonly directing him to cut down trees by himself with no help.

    b. Negligently and wantonly failing to maintain the premises in a reasonably safe condition for him;

    c. Negligently failing to provide proper equipment to him in order to cut down trees and remove trees;

    d. Negligently and wantonly failing to warn him and others of the unreasonably dangerous conditions of the premises and the equipment used to help remove trees from the lot;

      e.      Negligently and wantonly failing to establish safe work practices and procedures for defendants employees to cut down trees, and to clear the lot in a safe condition;

      f.      Negligently and/or wantonly failing to provide him with help in order to perform the work of cutting down trees.

18.    Count Three of Ryan's First Amended Complaint alleges that as a result of the defendants negligence and/or wantonness, Ryan sustained personal injuries, mental distress, anxiety, incurred medical expenses, lost wages and future lost wages. Count Three seeks both compensatory and punitive damages.

19.    Count Four of Ryan's First Amended Complaint (entitled "Negligence") asserts a negligence claim against all defendants, and seeks both compensatory and punitive damages. Count Four alleges that at the time of the incident, Ryan was an employee of the defendants, and cites the same factual allegations, injuries and damages as Count Three.

20.    Count Five of Ryan's First Amended Complaint (entitled "Wantonness") asserts a wantonness claim against all defendants, and seeks both compensatory and punitive damages. Court Five alleges that at the time of the incident, Ryan was an employee of the defendants, and cites the same factual allegations, injuries and damages as Counts Three and Four.

## THE INSURING AGREEMENT

21.    A complete copy of the subject insurance policy, including endorsements and declarations pages, is attached hereto as Exhibit A. USLIG seeks a declaration from this Court as to the rights and duties of the parties under all provisions of said policy. For the

Court's convenience, without intending to limit the scope of the policy provisions at issue, USLIG sets out certain pertinent provisions of that policy which are at issue between the parties.

## **DECLARATIONS**

> Item 4. Residence - Coverage is provided to those residences that are covered by underlying insurance.
>
> Item 6. Required Underlying Insurance Coverage. You agree that the higher of the MINIMUM UNDERLYING LIMITS below, or the limit shown on the PCL 117 - Schedule of Underlying Insurance Endorsement (if the PCL 117 is shown below);
> (1) is in force and will continue in force; and
> (2) Insures all residences, automobiles, recreational vehicles, or watercraft owned by, leased or regularly used by you.

## **PERSONAL UMBRELLA LIABILITY POLICY**

**I.  DEFINITIONS**
In this policy, "you" and "your" refer to the "**Insured**" as defined. "We", "us", and "our" refer to the Company listed in the DECLARATIONS. *The Following Defined Words Have A Special Meaning And Are Highlighted Throughout This Policy By Bold Printing.*

>   **A.  Bodily injury** means:
>   **1.**  Under Coverage A, bodily harm, sickness or disease, including required care, loss of services and death of a person that results. **Bodily injury** also means mental injury, mental anguish, humiliation, or shock if directly resulting from bodily harm, sickness or disease of that person.

* * * * * *

>   **B.  Business** means a trade, profession, occupation or any other business pursuit including **farming**.

* * * * * *

>   **C.  Insured** means:
>   **1.**  The **named insured**;
>   **2.**  The **named insured's relatives**;

      **3.**    Any one under the age of 21 under the care of the **named insured**; and

* * * * * *

- **G.** **Loss** means:
    1. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the POLICY PERIOD, in **bodily injury** and/or **property damage**; or
    2. An offense, including a series of related offenses which first occurs during the POLICY PERIOD, and which results, during the POLICY PERIOD, in **personal injury**.
- **H.** **Named insured** means the person named in the DECLARATIONS and the spouse of the **named insured**, if the spouse is also a member of the same household.
- **I.** **Net Loss** means:
    1. The amount you are legally obligated to pay as **damages for personal injury, bodily injury or property damage** including prejudgment interest;

* * * * * *

- **J.** **Personal Injury** means:
    1. False arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation.
    2. Libel, slander, defamation of character or invasion of rights of privacy.

* * * * * *

- **N.** **Residence** means:
    1. A one to four family dwelling, including other structures and grounds where you reside in at least one of the family units;
    2. The unit where you reside in a condominium or cooperative apartment;
    3. That part of any other building not stated in **1.** or **2.** Where you reside; or
    4. A one to four family dwelling, individual condominium or cooperative unit you own which is rented or leased to others.
- **O.** **Retained Limit** means:
    1. If this policy covers the **loss** and the **loss** is covered or was required to be covered by **underlying insurance, retained limit** means the

        limit of **underlying insurance** available to you for injury or damage to which this coverage applies; or
2. If this policy covers the **loss** and the **loss** is not covered or was not required to be covered by **underlying insurance, retained limit** means the amount set forth in Item 3. of the DECLARATIONS as the "Self Insured Retention".

P. **Underlying insurance** means the policy with the greater limit of:
1. The limit shown for that policy in the DECLARATIONS in Item 6., Required Underlying Insurance Coverage; or
2. The limit shown for that policy on the Schedule of Underlying Insurance Endorsement (if the Schedule of Underlying Insurance Endorsement is attached to this policy).

## II.  INSURANCE COVERAGE

### A.  Insuring Agreement

1. **Coverage A** - Personal Umbrella Liability. If you are legally liable to pay damages for a **loss** to which this insurance applies, we will pay your **net loss** minus the **retained limit;** or

\* \* \* \* \* \*

### B.  Defense and Settlement

1. We may investigate, negotiate and settle any claim or suit covered by this policy. We are not, however, obligated to defend any claim or suit which is covered in whole or in part by other insurance available to you, whether or not designed as primary, excess or contingent; provided, however, this shall not apply to insurance written specifically as excess coverage over this policy.
2. When the claim or suit is covered by this policy, but not covered by any other policy available to you:
   a. We will defend the suit against you.
   b. We will pay the cost of:
      I. Bonds to release attachments up to the POLICY LIMITS;
      ii. Appeal bonds for any suit we defend; and
      iii. Bail bonds if you have a traffic accident or violate a traffic law.
3. We will pay the court costs, expenses and interest on our share of judgments assessed against you in a suit we defend.
4. We will pay the wages you lost at our request. We will pay up to $100 per day to a total of $5,000.
5. We will pay all reasonable expenses you incur at our request.

Payments under this section are in addition to the limit of liability shown in Item 3. of the DECLARATIONS as POLICY LIMITS. Our obligation to defend any claim or suit ends

when the amount we pay for damages equals the limit of liability shown in Item 3. of the DECLARATIONS as POLICY LIMITS.

**III.  EXCLUSIONS**

Under Coverage A, we will not provide coverage for a **loss**:

    **A.**    If you are liable under workers' compensation, unemployment compensation, non-occupational disability, occupational disease, disability benefits law or any similar law, or any changes or amendments thereto.

    **B.**    To any employee arising out of and in the course of his employment. This exclusion does not apply to a domestic employee if **underlying insurance** provides coverage for the loss.

\* \* \* \* \* \*

    **G.**    Caused by your **business** or **business property** unless **underlying insurance** provides coverage for the **loss**.

\* \* \* \* \* \*

    **R.**    For any punitive or exemplary damages.

\* \* \* \* \* \*

    **U.**    Caused by an offense resulting in **personal injury** unless **underlying insurance** provides coverage for the **loss**.

\* \* \* \* \* \*

**IV.  YOUR DUTIES TO US**

These are things you must do for us. We may not provide coverage if you do not assist us as follows:

    **A.**    Under Coverage A, maintain your **underlying insurance**. You agree to maintain all insurance policies affording in total the coverage and the greater of the limits shown in the DECLARATIONS in Item 6., Required Underlying Insurance Coverages, or shown on the Schedule of Underlying Insurance Endorsement (if the Schedule of Underlying Insurance Endorsement is attached to this policy).

If Required Underlying Limits are not maintained, or are not maintained at the greater of the limit of liability shown in Item 6., Required Underlying Insurance Coverages, or shown on the Schedule of Underlying Insurance Endorsement (if a schedule is attached to this policy), or are unavailable because of insolvency of the company providing your **underlying insurance**, or by reason of your breaching your underlying contract, you will be

>responsible for paying the amount of loss or loss adjustment expense that would have been paid by that policy had its full limit of liability been available. In the event of reduction or exhaustion of **underlying insurance** by punitive or exemplary damage claims, the Company shall be liable for loss or claims insured hereunder only to the extent that it would have been liable without reduction or exhaustion of the **underlying insurance** by punitive or exemplary damage claims.
>Your failure to comply with the foregoing paragraphs will not invalidate this policy, but in the event or such failure, we shall be liable under this policy for indemnity and/or defense expense only to the extent that we would have been liable had you complied with these obligations.

## **PRAYER FOR RELIEF**

22.     Based upon the allegations of the Ryan suit and the terms and provisions of the policy [in its entirety], there presently exists a judicial controversy as to whether or not coverage would exist in favor of Walker and whether or not coverage is excluded in light of the applicable language in said policy.

23.     USLIG is presently defending Walker in the Ryan suit under a strict reservation of rights. USLIG desires to perform and discharge any duties it may owe to its insured, but is presently in doubt as to the nature and extent of its obligations, if any, with respect to the policy in question. Absent a declaration of its obligations, USLIG will be exposed to substantial and irreparable injury and uncertainty, all of which can be avoided by the declaration of its rights requested herein.

24.     USLIG requests that this Court assume jurisdiction over this cause and allow USLIG to determine all coverage issues as may exist with respect to the Ryan suit under all the terms and provisions of the policy attached hereto. USLIG prays that this Court will generally declare and define the following:

    a.    The nature and extent of any coverage obligations which may exist in favor or Walker under the policy in question;

    b.    Whether the claim of the Ryan suit are excluded by the exclusions of the USLIG policy;

    c.    Whether USLIG has an obligation to provide Walker a defense to the Ryan suit;

    d.    Whether the incident made the basis of the Ryan suit occurred at a residence covered by underlying insurance;

    e.    Whether the incident made the basis of the Ryan suit occurred while Ryan was employed by Walker, or while Ryan was acting in the line and scope of his employment with Walker;

    f.    Whether the incident made the basis of the Ryan suit was caused by a business or business property of Walker's which was insured by underlying insurance that provides coverage for incident;

    g.    Whether the Ryan's claims for punitive damages are excluded under the USLIG policy;

    h.    Whether Walker has complied with all conditions of the USLIG policy;

    I.    The extent of USLIG's duty to defend and indemnify Walker for the claims made in the Ryan suit.

25.    USLIG further requests such further and different relief as may be appropriate to accomplish justice and equity among the parties.

                    s/ Edgar M. Elliott, IV
                    EDGAR M. ELLIOTT, IV
                    BRIAN H. TOBIN
                    Attorneys for Plaintiff,
                    United States Liability Insurance Group

OF COUNSEL:
CHRISTIAN & SMALL, LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama  35203-2607
205/795-6588


**PLEASE SERVE THE FOLLOWING BY CERTIFIED MAIL:**

Timothy Ryan
8900 Spanish Trail East
Grand Bay, Alabama 36541

Matthew B. Walker
11650 Jeff Hamilton Road
Theodore, Alabama 36590

911 Dauphin Trust, LLC
c/o Matthew B. Walker
11650 Jeff Hamilton Road
Theodore, Alabama 36590